UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMUNDIE O BROWN,<br><br>                Petitioner,<br><br>        v.<br><br>BRIAN DUFFY, Warden,<br><br>                Respondent. | NO. CV 21-1423-JAK (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

Because Petitioner previously challenged the same underlying state criminal conviction in a prior habeas action that the Court dismissed with prejudice, and because Petitioner lacks Ninth Circuit authorization to file a second or successive habeas petition, the Court lacks jurisdiction over the Petition for Writ of Habeas Corpus.

## I.

## PROCEDURAL HISTORY

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in the Central District of California in *Brown v. Duffy*, Case No. CV 14-1750-JAK (JCG) (C.D. Cal.) ("*Brown I*").

1
2
3
4
5
6
7
8
9

On March 10, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 in *Brown I* and challenged his state conviction for attempted murder and assault with a deadly weapon.  The Report and Recommendation ("Report") recommended that judgment be entered denying the petition and dismissing the action with prejudice.  (*Brown I*, Dkt. No. 18.)  On August 10, 2015, the Court entered an order accepting the Report, entered judgment denying the Petition and dismissing the action with prejudice, and also denied a Certificate of Appealability.  (*Id.*, Dkt. Nos. 21-22.)

10
11
12
13
14
15
16

Petitioner has now filed a second Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.  *Perry v. Duffy*, Case No. CV 21-1423 JAK (AGR) ("*Brown II*").[1]  (Dkt. No. 1.)[2]  Petitioner again challenges the same state court conviction that he previously challenged in *Brown I*.   The Petition raises a single ground for relief, which corresponds to Ground Four in the petition filed in *Brown I*.  (*Compare Brown II*, Dkt. No. 1 at 5-7 *with Brown i*, Dkt. No. 1 at 6, Dkt. No. 1-1 at 8-9.)

17

**II.**

18

**DISCUSSION**

19
20
21

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA in reviewing the Petition.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

22
23

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals

24

25
26

[1]  Page citations are to the page numbers assigned by CM/ECF in the header of the document.

27
28

[2]  The Court received and filed the Petition on February 10, 2021.  The postmark indicates it was mailed on February 8, 2021.  However, Petitioner has dated the Petition on December 2, 2019.  (Dkt. No. 1 at 10.)

1  for an order authorizing the district court to consider the application."  28 U.S.C. §

2  2244(b)(3)(A).  A district court does not have jurisdiction to consider a "second or

3  successive" petition absent authorization from the Ninth Circuit.  *Burton v.*

4  *Stewart*, 549 U.S. 147, 152 (2007).

5        The current Petition is second or successive because Petitioner again

6  challenges the same state court conviction and sentence that he previously

7  challenged in *Brown I*.  A petition is second or successive "if the facts underlying

8  the claim occurred by the time of the initial petition" and "if the petition challenges

9  the same state court judgment as the initial petition."  *Brown v. Muniz*, 889 F.3d

10  661, 667 (9th Cir. 2018), *cert. denied Brown v. Hatton*, 139 S. Ct. 841 (2019); *see*

11  *also Magwood v. Patterson*, 561 U.S. 320, 332 (2010).  Thus, the underlying

12  Petition is second or successive.

13        The Petition does not state that Petitioner requested or received

14  authorization from the Ninth Circuit to file a second or successive petition.  A

15  review of the Ninth Circuit's online database indicates Petitioner did not request

16  or receive authorization to file a second or successive petition.  *See Cooper v.*

17  *Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the

18  district court may not, in the absence of proper authorization from the court of

19  appeals, consider a second or successive habeas application.") (citation and

20  quotation marks omitted).

21        Rule 4 of the Rules Governing Section 2254 Cases in the United States

22  Courts provides that "[i]f it plainly appears from the face of the petition and any

23  attached exhibits that the petitioner is not entitled to relief in the district court, the

24  judge must dismiss the petition and direct the clerk to notify the petitioner."  The

25  Court therefore dismisses the Petition as a second or successive Petition for

26  which it lacks jurisdiction.

27

28

### III.

### **ORDER**

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.


DATED:  February 23, 2021

JOHN A. KRONSTADT
United States District Judge